ATLANTIC GULF & WEST INDIES STEAMSHIP LINES, a Corporation, Claimant of Steamship Agwimoon, Appellant, v. INTEROCEAN OIL COMPANY, a Corporation, Appellee. *

Circuit Court of Appeals, Fourth Circuit.
April 9, 1929.

No. 2780.

Roscoe H. Hupper, of New York City (Lord & Whip, of Baltimore, Md., Burlingham, Veeder, Masten & Fearey, and Frederic Conger, all of New York City, and George W. P. Whip, of Baltimore, Md., on the brief), for appellant.

Robert France and Robert W. Williams, both of Baltimore, Md. (Janney, Ober, Slingluff & Williams, Gill, Greene & Waters, and Brodnax Cameron, all of Baltimore, Md., on the brief), for appellee.

Before WADDILL and PARKER, Circuit Judges, and McDOWELL, District Judge.

PER CURIAM. This is an appeal from an interlocutory decree in admiralty of the United States District Court for the District of Maryland, at Baltimore, entered in favor of appellee, libelant below, for damage resulting from a shortage in a cargo of stove oil transported on appellant's tank steamer, the Agwimoon.

The Agwimoon, a vessel built in 1920, was chartered January 14, 1927, to G. W. McNear, for its full capacity. It had been in dry dock from July 31 to August 2, 1926, for repairs, and had subsequently transported a cargo of oil from San Pedro to Japan, on return from which voyage she loaded the cargo in this case, 77,503.94 barrels of gas

*Certiorari denied 49 S. Ct. 514, 73 L. Ed. —.

oil, which was shipped at Martinez, Cal., by McNear on February 13, 1927, for Baltimore. The charter party, among other things, provided that the steamer was not to be accountable for leakage, and the bill of lading issued by the steamer to McNear provided that all the conditions and exceptions of the charter party were to be considered as embodied in the bill of lading, which was transferred by McNear to appellee.

After the vessel left Martinez, she encountered heavy weather, and when she passed through the Panama Canal slight leakage was observed, and when she arrived at Baltimore on March 9, 1927, she leaked noticeably. Upon discharge of the cargo it was found that there was a shortage of 70,-205.01 gallons, which was slightly less than 2⅙ per cent. of the total cargo of 3,255,165.48 gallons loaded. After discharge, the Agwimoon was dry-docked at Baltimore, and 21 rivets in No. 1 starboard tank, and 31 rivets in Nos. 5 and 6 port and starboard tanks, were found to be leaky.

The appellee on March 12, 1927, filed its libel against the vessel Agwimoon for $10,-000 damages for the shortage of 70,205.01 gallons, as having resulted from the improper stowage of the oil, and through the unseaworthiness of the vessel and the defective and leaky condition of the oil tanks. The appellant answered on June 6, 1927, stating that leakage was excepted by the charter party and bill of lading, and denying liability for the loss. After hearing the evidence offered by both sides, the trial court entered an interlocutory decree in favor of libelant for the damages sustained by reason of the shortage in the cargo. In its opinion, the trial court held that the leakage was caused by the failure of respondent to exercise due diligence to make the steamer seaworthy, that the obligation to furnish a seaworthy vessel should not be held to have been contracted away by implication, and that, "taking the charter as a whole, the proper meaning to be derived from it is that the shipowner shall be responsible for leakage, unless he has exercised due diligence to make the vessel seaworthy at the inception of the voyage."

The respondent appealed from the interlocutory decree of the trial court, assigning error in its failure to hold that the leakage exception in the charter party exempted claimant from liability for the loss, in holding that the reference to the Harter Act (46 USCA §§ 190–195) in the charter party operated to displace the leakage exception, in holding that the Agwimoon was unseaworthy at the commencement of the voyage, in holding that the claimant failed to exercise due diligence to make the Agwimoon seaworthy at the commencement of the voyage, and in entering a decree for libelant.

The learned District Judge, in a carefully considered opinion, reported in 24 F.(2d) 864, 865, 866, 867, and in 1928 A. M. C. 645, passed upon the questions of fact and law arising in the case. To this opinion of the District Court reference is especially made, as containing an able and comprehensive discussion of the questions involved, with which we are in accord, and we find no reversible error therein.

Our conclusion is that the decision of the lower court should be affirmed, with costs to the appellee.

Affirmed.